UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RALPH JEAN-LOUIS,

                Plaintiff,

      -against-

ACS,

                Defendant.

22-CV-8457 (LJL)

TRANSFER ORDER

LEWIS J. LIMAN, United States District Judge:

    Plaintiff, who resides in Lawrence, Kansas, brings this action against the New York City Administration for Children's Services ("ACS"), alleging that on February 7, 2019, in the "Family Courts in Queens, New York," his children were "take[n] . . . away from me without my permission also without any judge permission."[1] (ECF 1, at 2.) Plaintiff paid the filing fees for this action.

    In the caption of the complaint, Plaintiff names as a defendant, ACS; in the body of the complaint, he also names Rachelle Sokul, an ACS lawyer; Laura Cabrera and Wendy Stanley, ACS case workers; Jerry Gilbert, his minor children's therapist; and Wilner Porter and Marie Gonzalez Jesus, also lawyers. All of these defendants work in Queens and Suffolk Counties, New York. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

### BACKGROUND

    The following facts are drawn from the complaint. Plaintiff has "an open ACS case with the City of New York for the past 3 yrs." (*Id.*) In 2019, Plaintiff's ex-wife and her mother

---

[1] Plaintiff includes the full names of his minor children, in violation of Rule 5.2(a)(3) of the Federal Rules of Civil Procedure. The Court has therefore asked the Clerk of Court to restrict electronic access to the complaint to the parties of this lawsuit.

accused Plaintiff of sexual abuse, and sex, drug, and gun trafficking, all of which resulted in Plaintiff's parental rights being terminated, or limited in some fashion. He claims that this "happen[ed] in Queens Family Court," where the assigned judge and ACS "keep[ ] sayin[g] they have proof." (*Id.* at 6.) Plaintiff "would like for ACS [to] bring the[ ] proof." (*Id.*) For relief, he seeks assistance in "press[ing] charge[s] . . . [and] get[ting] my kids back from the City." (*Id.* at 7.)

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff names ACS as a defendant, an entity that does not have the capacity to be sued under the New York City Charter. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court assumes, however, that Plaintiff intended to assert

claims against the City of New York, which resides in the Southern District of New York. Venue is therefore proper in this court under Section 1391(b)(1).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case for the following three reasons: (1) the City of New York resides in Queens County and therefore venue is proper in the Eastern District of New York, where Queens County is located, *see* 28 U.S.C. § 112(c); (2) the defendants named in the body of the complaint all work, and possibly all reside, in either Queens or Suffolk Counties; and (3) the underlying events occurred in Queens County where it is reasonable to expect that all relevant documents are located. Although Plaintiff did file his action in this court, his choice of forum is accorded less deference because he does not reside in

a county within this District and the operative events did not occur here. Thus, the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  October 14, 2022
        New York, New York

_____
LEWIS J. LIMAN
United States District Judge